



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MONA C. PETION and JEAN M. PETION,

      Plaintiffs,

    - against -

WELLS FARGO BANK, N.A.

      Defendant.

Civil Case No.:   **26-cv-1666-NRM-ST**

*JURY TRIAL
DEMANDED*

---

Plaintiffs MONA C. PETION and JEAN M. PETION (collectively "Plaintiffs"), by and through their attorneys, bring this action against Defendant WELLS FARGO BANK, N.A. ("Wells Fargo" or "Defendant"), and allege as follows:

## PARTIES

1.    Plaintiff Mona C. Petion is an individual residing at 1630 Arkansas Drive, Valley Stream, New York 11580, Nassau County, and is a co-owner and titled defendant in the underlying foreclosure action captioned Wells Fargo Bank, N.A. v. Jean M. Petion and Mona C. Petion, et al., Index No. 000588/2012, Nassau County Supreme Court.

2.    Plaintiff Jean M. Petion is an individual residing at 1630 Arkansas Drive, Valley Stream, New York 11580, Nassau County, and is a co-owner of the subject property.

3.    Defendant Wells Fargo Bank, N.A. is a national banking association organized and existing under the laws of the United States, with its principal place of business in San Francisco, California. Wells Fargo is, or purports to be, the holder and/or assignee of the mortgage and promissory note secured by the subject property located at 1630 Arkansas Drive, Valley Stream, New York 11580.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiffs assert claims arising under the Truth in Lending Act (TILA), 15 U.S.C. §


REC'D IN PRO SE OFFICE
MAR 19 '26 PM 3:41

Wells Fargo & Company
420 Montgomery Street
San Francisco, CA 94104

1601 et seq., and the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq., and the Home Ownership and Equity Protection Act (HOEPA), 15 U.S.C. § 1639.

5. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367, as those claims are so related to the federal claims that they form part of the same case or controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because the subject real property is located within the Eastern District of New York, and a substantial part of the events and omissions giving rise to these claims occurred within this district.

## FACTUAL ALLEGATIONS

### A. The Mortgage Origination

7. On or about August 1, 2008, Plaintiffs executed and delivered a mortgage and representative promissory note (the "Note" and "Mortgage") encumbering their property located at 1630 Arkansas Drive, Valley Stream, New York 11580 (the "Property").

8. At the time of origination, Plaintiffs were induced to execute the Mortgage and Note through fraudulent misrepresentations and predatory lending practices by the originating lender and/or its agents, employees, and representatives, including, without limitation, the use of misleading and deceptive loan terms, failure to disclose accurate financing information, and knowingly and intentionally grossly inflating the appraised value of the Property.

9. Plaintiffs were not provided with accurate, complete, or legally required disclosures at origination as mandated by federal law, including TILA, RESPA, and HOEPA.

### B. The Defective Assignment and Lack of Standing

10. Wells Fargo purports to be the owner and holder of the Mortgage and Note and initiated a foreclosure action against Plaintiffs in Nassau County Supreme Court on or about January 12, 2012, under Index No. 000588/2012.

11. Upon information and belief, the assignment(s) of the Mortgage and Note to Wells Fargo were defective, ineffective, incomplete, improper, invalid, void, voidable, and/or unrecorded at the time the foreclosure action was commenced.

12. Upon information and belief, one or more assignments of the Mortgage and/or Note to Wells Fargo were executed and/or recorded after the foreclosure action was commenced in January 2012, such that Wells Fargo did not hold a legal or equitable interest in the Mortgage at the time it filed suit.

13. Wells Fargo is not, and was not at the time of commencement of the foreclosure action, the holder in due course of the Note within the meaning of New York Uniform Commercial Code Article 3.

14. Upon information and belief, Wells Fargo is not in possession of the original promissory Note and therefore lacks the right to enforce it under UCC Article 3.

15. Upon information and belief, the alleged rights to foreclose were not effectively transferred to Wells Fargo pursuant to UCC Article 9, rendering any purported transfer of the mortgage loan obligation legally ineffective.

16.    As a result of the foregoing, Wells Fargo lacks standing to foreclose on the Property and, by pursuing foreclosure without proper standing, has caused and continues to cause substantial harm to Plaintiffs, including impairment of Plaintiffs' title, credit damage, emotional distress, and financial loss.

## C.    Federal Statutory Violations

17.    At origination and/or throughout the life of the loan, Wells Fargo and/or its predecessor in interest, agents, servants, attorneys, and representatives violated TILA, 15 U.S.C. § 1601 et seq., by, among other things, failing to accurately disclose required financing information and failing to provide Plaintiffs with a proper Notice of Cancellation establishing a date by which Plaintiffs had the right to rescind the subject loan transaction.

18.    At origination and/or throughout the life of the loan, Wells Fargo and/or its predecessor violated RESPA, 12 U.S.C. § 2601 et seq., by engaging in improper practices in soliciting, offering, originating, processing, making, underwriting, committing, closing, and funding the subject mortgage and Note, entitling Plaintiffs to rescission of the mortgage loan obligation and/or an offset of any alleged damages.

19.    At origination and/or throughout the life of the loan, Wells Fargo and/or its predecessor violated HOEPA, 15 U.S.C. § 1639, by, among other things, failing to take measures to verify Plaintiffs' income information that was central to the extension of credit, entitling Plaintiffs to rescission and/or offset.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### Declaratory Judgment — Lack of Standing / Void Assignment

*(28 U.S.C. §§ 2201–2202; N.Y. RPAPL § 1501)*

20.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

21.    An actual and justiciable controversy exists between Plaintiffs and Wells Fargo regarding whether Wells Fargo had a valid legal or equitable interest in the Mortgage and Note at the time it commenced foreclosure proceedings.

22.    Plaintiffs are entitled to a declaratory judgment that: (a) the assignment(s) of the Mortgage and Note to Wells Fargo are void, voidable, and/or of no legal force or effect; (b) Wells Fargo lacks standing to foreclose on the Property; (c) the Mortgage loan obligation is unenforceable against Plaintiffs; and (d) the Mortgage encumbering the Property should be cancelled and discharged of record. ( Please see exhibit A, Foreclosure Summons and Complaint)

## SECOND CAUSE OF ACTION

### Fraudulent Misrepresentation / Predatory Lending

*(N.Y. General Business Law § 349; N.Y. Banking Law § 6-l)*

23.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

24.    Wells Fargo, its predecessor in interest, and/or their agents, employees, and representatives made material fraudulent misrepresentations and employed predatory tactics to induce Plaintiffs to execute and deliver the Mortgage and Note, including without limitation: (a) misrepresenting the true terms and costs of the loan; (b) knowingly and intentionally inflating the appraised value of the Property; (c) charging

excessive points and fees; and (d) engaging in misleading and unsatisfactory lending practices in a consumer-oriented transaction. ( Please see exhibit B, Anser to the Summons)

25.    Plaintiffs justifiably relied upon these misrepresentations in executing the Mortgage and Note, and suffered damages as a direct and proximate result thereof.

26.    The foregoing conduct constitutes deceptive business practices in violation of N.Y. General Business Law § 349, and predatory lending in violation of N.Y. Banking Law § 6-l, and gives rise to Plaintiffs' entitlement to actual damages, statutory damages, punitive damages, and reasonable attorney's fees.

## THIRD CAUSE OF ACTION

### Violations of the Truth in Lending Act (TILA)

*(15 U.S.C. § 1601 et seq.)*

27.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

28.    Wells Fargo and/or its predecessor violated TILA by, among other things, failing to accurately disclose financing information required to be disclosed to consumer borrowers and by failing to provide Plaintiffs with a proper and complete Notice of Cancellation that would have established the date by which Plaintiffs could have exercised their right of rescission.

29.    As a result of these violations, Plaintiffs are entitled to rescission of the mortgage loan obligation, statutory damages, actual damages, and reasonable attorney's fees pursuant to 15 U.S.C. § 1640.

## FOURTH CAUSE OF ACTION

### Violations of RESPA and HOEPA

*(12 U.S.C. § 2601 et seq.; 15 U.S.C. § 1639)*

30.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

31.    Wells Fargo and/or its predecessor violated RESPA by engaging in improper practices in the origination and servicing of the Mortgage loan, including without limitation the improper charging of fees and failure to comply with disclosure and notice requirements mandated by RESPA.

32.    Wells Fargo and/or its predecessor violated HOEPA by, among other things, failing to verify Plaintiffs' income information that was central to the extension of credit, thereby engaging in a pattern of predatory lending that HOEPA was specifically enacted to prevent.

33.    As a result of these violations, Plaintiffs are entitled to rescission, damages, and all other relief available under RESPA and HOEPA.

## FIFTH CAUSE OF ACTION

### Slander of Title / Wrongful Foreclosure

34.    Plaintiffs repeat and reallege each and every allegation set forth above as if fully set forth herein.

35. By filing a foreclosure action and recording instruments purporting to encumber and transfer title to the Property without possessing a valid legal interest therein, Wells Fargo has slandered Plaintiffs' title to the Property and engaged in wrongful foreclosure.

36. As a direct and proximate result of Wells Fargo's conduct, Plaintiffs have suffered damages including but not limited to impairment of title, inability to sell or refinance the Property, damage to credit, emotional distress, and other consequential damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Mona C. Petion and Jean M. Petion respectfully request that this Court enter judgment against Defendant Wells Fargo Bank, N.A. as follows:

- A declaratory judgment that the assignment(s) of the Mortgage and Note to Wells Fargo are void and of no legal force or effect;
- A declaratory judgment that Wells Fargo lacks standing to foreclose on the Property located at 1630 Arkansas Drive, Valley Stream, New York 11580;
- An order canceling and discharging the Mortgage of record pursuant to N.Y. RPAPL § 1501;
- Rescission of the subject mortgage loan obligation pursuant to TILA, RESPA, and/or HOEPA;
- Return of all mortgage payments and fees paid by Plaintiffs to Wells Fargo or its predecessors;
- Compensatory damages in an amount to be determined at trial, but in no event less than $4,000,000;
- Punitive damages for Wells Fargo's fraudulent, predatory, and willful conduct;
- Statutory damages pursuant to 15 U.S.C. § 1640 (TILA) and 12 U.S.C. § 2605 (RESPA);
- Reasonable attorney's fees, costs, and disbursements;
- Dismissal with prejudice of the underlying foreclosure action, Index No. 000588/2012, Nassau County Supreme Court, and cancellation of any Notice of Pendency filed therein;
- Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: March 19 , 2026

Respectfully submitted,

Mona C Petion
Jean M Petion

## PRO-SE LITIGATION

JS 44  (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| MONA C. PETION and JEAN M. PETION | WELLS FARGO BANK, NA |

**(b)**  County of Residence of First Listed Plaintiff    NASSAU
      *(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   _____
      *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)**  Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer |
| | | | | | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
12 U.S.C. § 2601    15 U.S.C. § 1601
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# SCHEDULE A

# SUMMONS AND COMPLAINT

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
--------------------------------------------X
WELLS FARGO BANK, N.A.,

                         Plaintiff,

        -against-

JEAN M. PETION, MONA C. PETION, GUSMAN
JOSEPH, DISCOVER BANK, "JOHN DOE 1 to JOHN
DOE 25", said names being fictitious, the persons or
parties intended being the persons, parties, corporations or
entities, if any, having or claiming an interest in or lien
upon the mortgaged premises described in the complaint,

                         Defendants.
--------------------------------------------X

**SUMMONS**

INDEX NO.: 000588/12

FILED: 1/17/12

TO THE ABOVE NAMED DEFENDANTS:

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action, and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service or within 30 days after completion of service where service is made in any other manner than by personal delivery within the State. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NOTICE OF NATURE OF ACTION AND RELIEF SOUGHT**

    **THE OBJECT** of the above captioned action is to foreclose a Mortgage in the amount of $540,846.00, recorded in the Nassau County Clerk's Office on September 5, 2008 in Liber 33227 of Mortgages at Page 863 covering the premises known as 1630 ARKANSAS DRIVE, VALLEY STREAM, NY 11580. Thereafter, the Note and Mortgage were assigned to Plaintiff by an Assignment of Mortgage dated November 2, 2009 duly recorded on December 7, 2009 in Liber 34408 at Page 345 in the Nassau County Clerk's Office.

    The relief sought in the within action is a final Judgment of Foreclosure and Sale directing the sale of the premises described above to satisfy the debt secured by the Mortgage described above.

Case 2:24-cv-01605-SJB-ST    Document 1    Filed 03/13/26    Page 10 of 29 PageID #: 10

## NOTICE

### YOU ARE IN DANGER OF LOSING YOUR HOME

If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.

Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your Property.

Sending a payment to your mortgage company will not stop this foreclosure action.

YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

Dated: Westbury, New York
      January 12, 2012

Stuart L. Druckman, Esq.
DRUCKMAN LAW GROUP PLLC
Attorneys for Plaintiff
242 Drexel Avenue, Suite 2
Westbury, NY 11590
(516) 876-0800

WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Case 2:24-cv-00012-JS  Document 15  Filed 04/12/24  Page 11 of 29  PageID #: 11

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------X
WELLS FARGO BANK, N.A.,

                                    Plaintiff,                    COMPLAINT

                -against-                                         INDEX NO.: 000588/12

JEAN M. PETION, MONA C. PETION, GUSMAN                            FILED: 1/17/12
JOSEPH, DISCOVER BANK, "JOHN DOE 1 to JOHN
DOE 25", said names being fictitious, the persons or
parties intended being the persons, parties, corporations or
entities, if any, having or claiming an interest in or lien
upon the mortgaged premises described in the complaint,

                                    Defendants.
------------------------------------------------------X

        Plaintiff, by its attorneys DRUCKMAN LAW GROUP PLLC, complaining of the
defendants, alleges:

        1.      At all times hereinafter mentioned plaintiff was and still is a corporation having
an office for the conduct of business at 3476 Stateview Boulevard, Fort Mill, South Carolina
29715.

        2.      On or about August 1, 2008, JEAN M. PETION, MONA C. PETION, and
GUSMAN JOSEPH duly executed and delivered to CTX MORTGAGE COMPANY, LLC a
note whereby they bound themselves to pay the sum of $540,846.00 with interest at the Note
rate, or if applicable, subject to changes according to the terms of the note and mortgage, and to
pay to mortgagee, its successors and assigns, this sum together with the interest due as follows:
By payments under the terms of the aforementioned note, until the principal and interest are paid
in full.

        3.      As security for the payment of said note, JEAN M. PETION, MONA C. PETION,
and GUSMAN JOSEPH executed, acknowledged and delivered to MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC., AS NOMINEE FOR CTX MORTGAGE COMPANY, LLC.

3A.    Thereafter, the Note and Mortgage were assigned to Plaintiff by an Assignment of Mortgage dated November 2, 2009 duly recorded on December 7, 2009 in Liber 34408 at Page 345 in the Nassau County Clerk's Office.

3B.    The Plaintiff is the owner and/or holder of the subject Note and Mortgage or has been delegated the authority to institute a mortgage foreclosure action by the owner and/or holder of the subject Mortgage and Note; and

3C.    Upon information and belief, plaintiff has complied with all of the provisions of section five hundred ninety-five-a of the banking law and any rules and regulations promulgated thereunder, section six-l or six-m of the banking law, and sections thirteen hundred four (90-day notice) and thirteen hundred six (Banking Department) of the RPAPL.

3D.    Pursuant to CPLR Rule 3408, the above-entitled action is a foreclosure action on a residential Mortgage loan as such term is defined in RPAPL § 1304. Thus, a settlement conference is necessary in this matter.

4.    The mortgage provides that in addition to principal and interest, the mortgagor will deposit with the holder thereof monthly installments for the payment of taxes, water, sewer charges and insurance premiums; and that a late charge may be assessed if any payments are late.

5.    The note provides that in the event borrowers fail to make timely payments, the borrowers will be in default, and that if the holder has required immediate payment in full, the holder will have the right to be reimbursed for all of its costs and expenses in enforcing the note including reasonable attorneys' fees.

6.    The mortgage contains the same conditions as the note in case of default and provides that, at the option of the mortgagee, the unpaid principal balance together with accrued interest and all other amounts due pursuant to the terms of the note and mortgage shall become due, and that plaintiff is empowered to sell said real property in one parcel and out of the moneys generated from the sale to pay the amount due for principal, interest, and all other amounts due

2009 and by failing to pay the monthly payments which became due each month thereafter. These amounts remain unpaid and plaintiff has demanded same in accordance with the loan documents, if necessary.

8.  There is now due plaintiff the principal amount of $535,715.17 with interest thereon at the rate of 6.375 per cent per annum from July 1, 2009, along with all other amounts due pursuant to the terms of the note and mortgage, together with the costs and expenses of this action. The plaintiff now declares the entire amount due.

9.  The defendants and each of them have or claim to have or may have some interest or lien or claim upon the lands and premises covered by said mortgage or some part thereof, but that said interest, lien or claim, if any, have accrued subsequent to such mortgage, and are and each of them is subject and subordinate thereto.

9A.  That the Defendants "JOHN DOE 1 to JOHN DOE 25" are joined as party Defendants because they may be tenants/occupants, or may be in possession of the aforementioned premises, or may be corporations, or other entities or persons who claim, or may claim, a lien against the premises.

9B.  DISCOVER BANK is joined as a party defendant for the purpose of cutting off possible judgments which may be liens against the subject premises. A copy of same is annexed hereto marked as Exhibit "A".

10.  No other action or proceeding at law, in equity or otherwise was completed for the recovery of any part of the principal or interest, secured by said note and mortgage.

11.  Said premises and the title thereto are subject to any state of facts an accurate survey would show; to all covenants, restrictions, easements, agreements, reservations, and prior liens, if any, of record and to any violations thereof; to the physical condition of any building or structure as of the date of sale hereunder; to building restrictions and zoning ordinances and to any violations of the same.

12.  The plaintiff shall not be deemed to have waived, altered, released or changed its demand for payment in full by reason of payment, after the date of the commencement of this

ARKANSAS DRIVE, VALLEY STREAM, NY 11580 as more fully described in SCHEDULE "A" annexed hereto.

WHEREFORE, plaintiff demands judgment:

1. That the defendants herein and all persons claiming under them, subsequent to the commencement of this action and the filing of a notice of pendency, be barred and foreclosed of all estate, right, title, interest, claim, lien and equity of redemption to the said mortgaged real property; except the right of the United States of America and/or its political subdivisions, if it be a party defendant to this action, to redeem as provided for by applicable law.

2. That the said real property may be decreed and ordered to be sold in one parcel according to law, subject to the provisions of paragraph "11" above; that the moneys generated from the sale be disbursed as follows: to the plaintiff the amount due on said note and mortgage, with interest as set forth above to the time of such payment, together with any amount advanced for taxes, water charges, sewer rent, insurance or to protect the validity mortgage or the condition of the property; together with the costs and expenses of such sale; the costs, allowances and disbursements of this action; reasonable attorneys' fees; and, and all other charges and liens thereon to be paid, with interest from the dates of the respective payments and advances, so far as the amount of such moneys properly applicable thereto will pay the same, together with reasonable attorney's fees.

3. That the defendants JEAN M. PETION, MONA C. PETION, and GUSMAN JOSEPH be adjudged to pay any deficiency, which may remain after applying, all of said moneys so applicable thereto, so long as said deficiency was not discharged in bankruptcy.

4. That during the pendency of this action, a Receiver of rents, issues and profits of the said mortgaged premises be appointed with the usual powers of such Receivers.

5. That the plaintiff be awarded such other, further and different relief in the real property and otherwise as may be just and equitable.

## LI ABSTRACT, INC.

TITLE NO. LI-FC-27057
Client No.: 27057

### SCHEDULE A

### LEGAL DESCRIPTION

ALL that certain plot, piece or parcel of land, situate, lying and being at Valley Stream, in the Town of Hempstead, County of Nassau and State of New York, known and designated as and by the Lot Number 28 in Block 670 on a certain map entitled; "Map of Alden Terrace Hills, Section 3, situated near Valley Stream, Town of Hempstead, Nassau County, New York, owned by C & G Building Corp., 580 Fifth Avenue, N.Y.C., surveyed August 12, 1952 by William H. Parry, Inc., L. S." and filed in the Office of the Clerk of the County of Nassau on January 15, 1953 as Case #5676, and more particularly bounded and described according to said map, as follows:

BEGINNING at a point on the Northeasterly side of Arkansas Drive, distant 2029.53 feet Northerly, Northeasterly and Northwesterly when measured along Arkansas Drive as the same winds and turns from the extreme Easterly end of the arc of a curve connecting the Easterly side of Arkansas Drive with the Northerly side of Molyneaux Road;

RUNNING THENCE North 53 degrees 19 minutes 32 seconds East, 100.00 feet;

THENCE North 36 degrees 40 minutes 28 seconds West, 65.00 feet;

THENCE South 53 degrees 19 minutes 32 seconds West, 100.00 feet to the Northeasterly side of Arkansas Drive;

THENCE South 36 degrees 40 minutes 28 Seconds East along the Northeasterly side of Arkansas Drive, 65.00 feet to the point or place of BEGINNING.



NASSAU COUNTY CLERK'S OFFICE
ENDORSEMENT COVER PAGE

Recorded Date: 05-19-2011        Record and Return To:
Recorded Time:  4:02:24 p

Liber Book:
Pages From:
        To:

     Control
     Number:  2146
     Ref #:  JT11030616
     Doc Type:  J02   TRANSCRIPT OF JUDGMENT

Pltf:  DISCOVER BANK
Dfnd:  PETION, JEAN M

Judgment Amount:       10,302.67

                              Taxes Total          .00
                          Recording Totals       10.00
MAS001                       Total Payment       10.00

        THIS PAGE IS NOW PART OF THE INSTRUMENT AND SHOULD NOT BE REMOVED
                            MAUREEN O'CONNELL
                            COUNTY CLERK.

Case 2:26-cv-01666-SJB-ST   Document 1   Filed 03/19/26   Page 17 of 29 PageID #: 17

TRANSCRIPT OF JUDGMENT

Index No./Tr. CIV 01291/11

| Judgment Debtor & Address | Judgment Rendered |
|---|---|
| PETION, JEAN M | Date: 03-16-2011 |
| 1630 ARKANSAS DR VALLEY STREAM NY 11580 | First District Court Nassau |
| TRADE OR PROFESSION | Amount |
| | Damages $ 10,057.57 |
| | Costs $ 245.10 |
| | Total $ 10,302.67 |

| Judgment Creditor & Address | Attorney for Judgment Creditor Name & Address |
|---|---|
| DISCOVER BANK | FORSTER & GARBUS LLP |
| 6500 NEW ALBANY ROAD NEW ALBANY OH 43054 | 60 MOTOR PARKWAY COMMACK NY 11725 |

| Judgment Docketed | Execution Returned Unsatisfied | When | Satisfied How & To What Extent |
|---|---|---|---|
| Date: Bk. & Min. Index # | | | |

REMARKS: Date and manner of change of Status of Judgment

STATE OF NEW YORK } SS:
COUNTY OF NASSAU }
DISTRICT COURT
FIRST DISTRICT

I, Sandra Lee, Clerk of the District Court of Nassau County, First District, Civil Term, do hereby certify that the above is a correct transcript from the docket of the above Judgment. I further certify that the words "NOT SUMMONED" is written opposite the names of the following defendants

In testimony whereof, I have hereunto set my name and affixed my official seal this _____ day of MAY 0 9 2011, 20__.

SANDRA LEE
CLERK - CIVIL TERM , Clerk
Sandra Lee

FILED: NASSAU COUNTY CLERK 04/15/2024 03:12 PM
NYSCEF DOC. NO. 33
INDEX NO. 000588/2012
RECEIVED NYSCEF: 04/15/2024

Index No. 000588/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU.

WELLS FARGO BANK, N.A.,

                      Plaintiff,

      -against-

JEAN M. PETION, et al:

                      Defendants.

## SUMMONS AND COMPLAINT

**DRUCKMAN LAW GROUP PLLC**
Attorneys for Plaintiff
242 Drexel Avenue, Suite 2
Westbury, NY 11590
(516) 876-0800

# SCHEDULE B

# ANSWER TO THE FORECLOSURE SUMMONS

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

-----------------------------------------------------------------x

WELLS FARGO BANK, N.A.,

                                                                                 Index No.:
                                                                                 000588/2012

                         Plaintiff,

         -against-                                                               **ANSWER WITH**
                                                                                 **COUNTERCLAIM**

JEAN M. PETION and MONA C. PETION, *et al*,

                         Defendants.
-----------------------------------------------------------------x

         PLEASE TAKE NOTICE that Defendants, JEAN M. PETION and MONA C. PETION

(hereinafter referred to as "Defendants"), by their attorney, Kenneth S. Pelsinger, P.C., as and for

their Answer with Counterclaim to Plaintiff's Complaint, dated January 12, 2012 and allegedly

filed on January 17, 2012, respectfully alleges as follows:

         1.       Denies knowledge or information sufficient to form a belief as to each and every

allegation set forth in paragraph numbered "1".

         2.       Admits the allegations contained in paragraphs numbered "2" and "3" of the

Complaint to the extent that on or about August 1, 2008, Defendant executed and delivered a

mortgage and representative note, but respectfully refers this Honorable Court to the subject

documents for the complete terms and conditions of said documents.

         3.       Denies each and every allegation set forth in the paragraphs numbered "3A",

"3B", "3C", "4", "5", "6", "7", "8", "9", "9A", "9B", "10", "11", "12", "13", and the

"WHEREFORE" *ad damnum* paragraphs "1" through "5" except admits Defendants are the

titled owners of the subject premises known as 1630 Arkansas Drive, Valley Stream, New York,

11580 and equity right of redemption, and leaves all matters of law and issues of fact to this

Honorable Court.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

4.    That this Honorable Court does not have personal jurisdiction over Defendants because Defendants were not properly served with the Summons and Complaint in the subject action, and, therefore, the action must be dismissed pursuant to C.P.L.R. Rule 3211.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

5.    Defendants did not violate any duty or breach any obligation imposed by law, statute, contract, agreement or otherwise, and, therefore, Plaintiff is not entitled to an award of reasonable attorney fees regardless of the outcome.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

6.    That Defendants does not owe the sum of money Plaintiff is seeking.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

7.    That Defendants paid all or part of the money that the Plaintiff is seeking.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

8.    That the Plaintiff is seeking the incorrect sum of money from Defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

9.    That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives made fraudulent representations and employed predatory tactics to induce Defendants to execute and deliver the subject mortgage and representative note.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE

10.    That the subject mortgage and representative note was substantively unconscionable in light of Defendants' financial circumstances.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

11.    That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated the Real Estate Settlement Procedures Act (RESPA) in soliciting, offering, originating, processing, making, underwriting, committing, closing and funding the subject mortgage and representative note, and, therefore, Defendants are entitled to rescission of the alleged subject mortgage loan obligation and or an offset of any alleged damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

12.    That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated the Truth In Lending Act codified as 15 U.S.C. § 1601 *et seq.* (TILA) in soliciting, offering, originating, processing, making, underwriting, committing, closing and funding the subject mortgage and representative note by reason of Plaintiff's failure to accurately disclose financing information, including, among other things, failing to provide Defendants with a "Notice of Cancellation" which established a date by which Defendants had to exercise their right to rescind and/or cancel the subject loan and, therefore, Defendants are entitled to rescission of the alleged subject mortgage loan obligation and or an offset of any alleged damages.

## AS AND FOR AN TENTH AFFIRMATIVE DEFENSE

13.    That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated the Home Ownership Equity Protection Act as set forth by 15 U.S.C. § 1639 (HOEPA) in soliciting, offering, originating, processing, making, underwriting, committing, closing and funding the subject mortgage and note by, among other things, failing to take measures to verify Defendants' income information

that was central to the extension of credit, and, therefore, Defendant is entitled to rescission of the alleged subject mortgage loan obligation and or an offset of any alleged damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

14.   That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated Federal, State and local debt collection laws and therefore, Defendants are entitled to an offset of any judgment obtained by Plaintiff.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

15.   That Plaintiff, its predecessor in interest, alleged assignor and or their employees, agents, servants, attorneys and or representatives violated New York State General Business Law § 349, which prohibits deceptive business practices, by engaging is misleading and unsatisfactory lending practices in a consumer orientated transaction, the alleged subject mortgage and representative note, likely to mislead a reasonable consumer acting reasonably under the circumstances, in soliciting, offering, originating, processing, making, underwriting, committing, closing and funding the alleged subject mortgage loan obligation.

## AS AND FOR AN THIRTEENTH AFFIRMATIVE DEFENSE

16.   That Plaintiff, its predecessor in interest and/or alleged assignor, their employees, agents, servants, attorneys and or representatives violated New York State Banking Law, including §6-l in soliciting, offering, processing, originating, making, underwriting, committing, closing and funding the subject mortgage and representative note, by, among other things, charging excessive points and fees and knowingly and intentionally grossly inflating the value of the subject premises.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

17.   That Plaintiff, its predecessor in interest and/or alleged assignor, their employees, agents, servants, attorneys and or representatives did not provide proper notice to Defendants of

FILED: NASSAU COUNTY CLERK 04/15/2024 04:12 PM INDEX NO. 000588/2012

NYSCEF DOC. NO. 34    Case 2:26-cv-01666-SJB-ST    Document 1    Filed 03/19/26    Page 24 of 29 PageID #: 24 RECEIVED NYSCEF: 04/15/2024

the alleged default and acceleration of the subject mortgage and representative note pursuant to the terms set forth therein, and, therefore, Plaintiff is acting in bad faith, and, accordingly, Plaintiff's Complaint must be dismissed.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

18.    That Plaintiff's action cannot be maintained based on the doctrines of *res judicata*, estoppel, release, waiver, laches, ratification, unclean hands and or accord and satisfaction, and, therefore, must be dismissed pursuant to C.P.L.R. Rule 3211.

### AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

19.    That one or more defenses are based on documentary evidence.

### AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

20.    That Plaintiff breached the implied duty of good faith and fair dealing contained in any alleged mortgage, note, loan document, contract or agreement entered into by the parties.

### AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

21.    That the Plaintiff is seeking unjust enrichment.

### AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE

22.    That plaintiff failed to plead a cause of action sufficient to sustain a claim for a deficiency judgment against Defendants and, therefore, such an application for this relief must be dismissed pursuant to CPLR Rule 3211.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

23.    That the alleged assignment(s) of the subject mortgage and note being foreclosed herein to Plaintiff is defective, ineffective, incomplete, improper, invalid, void, voidable, illegal, unrecorded and or was made after the above-captioned action was commenced, and, therefore, Plaintiff did not have a legal or equitable interest in the mortgage at the time the within action

was commenced, and, accordingly Plaintiff does not have standing or capacity to prosecute this action and it must be dismissed pursuant to C.P.L.R. Rule 3211 or otherwise.

### AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

24. That the Complaint is not verified by a person with knowledge of the underlying facts and allegations.

### AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

25. That the subject mortgage and representative note allegedly executed by Defendants and delivered to Plaintiff are not attached to the Summons and Complaint, and, thus, Plaintiff's pleadings are defective, and should be dismissed pursuant to the CPLR.

### AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

26. That Plaintiff failed to plead a cause of action sufficient to sustain a foreclosure action against Defendants, and, therefore, such an application for this relief must be dismissed pursuant to CPLR Rule 3211.

### AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

27. That Plaintiff failed to comply with the requirements set forth in RPAPL § 1304 as a condition precedent to bringing this action, and, thus, its action must be dismissed.

### AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

28. That the Court lacks subject matter jurisdiction because the Plaintiff lacks standing to foreclose.

### AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

29. That the action must be dismissed on the grounds of lack of privity because there is no valid contract or agreement between Plaintiff and these answering Defendants and the alleged subject mortgage and note were not properly assigned to Plaintiff.

NYSCEF DOC. NO. 34                                RECEIVED NYSCEF: 04/15/2024

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

30.     That Plaintiff is not a holder in due course of the subject mortgage note and, accordingly, the Complaint, must be dismissed as a matter of law.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

31.     That Plaintiff is not entitled to enforce the alleged subject mortgage note obligation pursuant to UCC Article 3 because it not in possession of it.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

32.     That ownership of alleged rights to foreclose the subject mortgage note obligation were not effectively transferred to Plaintiff pursuant to UCC Article 9.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

33.     That in the event the subject mortgage premises depreciated in value because of Plaintiff's delay in commencing the within foreclosure action, any loss occasioned thereby should be borne by the Plaintiff and not Defendants.

## AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE

34.     That there is another action pending between the parties for the same cause of action in the Supreme Court, Nassau County, under index number 23188/09, and, accordingly, Plaintiff's Complaint must be dismissed with prejudice in its entirety and its Notice of Pendency cancelled pursuant to the RPAPL and/or CPLR Rule 3211.

## AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE
## AND COUNTER-CLAIM

35.     That Plaintiff, its predecessor in interest, their agents, attorneys, representatives and or mortgage servicers improperly placed overly expensive insurance coverage onto the subject mortgage and subject premises, causing Defendants to default on mortgage payments and prevent him from becoming current with payments.

36.     That as a result of the foregoing, Plaintiff is liable to these answering Defendants for miscalculated mortgage payments, impermissible fees and penalties.

37.     That as a result of the foregoing, these answering Defendants are entitled to an award of damages, costs and reasonable attorney fees to be determined by this Court, the return of mortgage payments and rescission of the alleged subject mortgage loan obligation and or an offset of any alleged damages.

**WHEREFORE,** Defendants respectfully requests that this Honorable Court grant the following relief, together with such other and further relief deemed just and proper:

(a) That the Complaint be dismissed in its entirety with prejudice and the Notice of Pendency cancelled;

(b) That a declaratory judgment be made and entered that the subject mortgage loan and note obligation is unenforceable and that all of Defendants obligations under said documents are null and void;

(c) That Defendants be awarded the return of any payments made to Plaintiff pursuant to the subject mortgage loan and note obligation;

(d) That Defendants be granted an award of reasonable attorney fees, disbursements and costs for this action; and

(e) That Defendants be granted an award of actual and compensatory damages on their Counterclaim in an amount beyond the jurisdictional limits of this Court together with

such other and further relief as this Court deems just and proper.

Dated: Levittown, New York                Yours, etc.,
       February 9, 2012

                               Kenneth S. Pelsinger, P.C.

                               By:

                                    Kenneth S. Pelsinger
                             Attorney for Defendants
                             3601 Hempstead Turnpike
                             Suite 305
                             Levittown, NY 11756
                             (516) 784-5225

TO:    Druckman Law Group PLLC
       Attorney for Plaintiff
       242 Drexel Avenue, Suite 2
       Westbury, NY 11590

## AFFIRMATION OF SERVICE

STATE OF NEW YORK       )
                        ) ss:
COUNTY OF NASSAU        )

Kenneth S. Pelsinger, Esq. being duly sworn, deposes and says:

That deponent is the attorney for Defendants in the above-captioned matter with an office located at 3601 Hempstead Turnpike, Suite 305, Levittown New York, 11756.

That on the 9th day of February, 2012, I served a true copy of the within Answer with Counterclaims by delivery of a true copy on

Druckman Law Group PLLC
Attorney for Plaintiff
242 Drexel Avenue, Suite 2
Westbury, NY 11590

by enclosing it in a postpaid, properly addressed envelope deposited in a container located in Nassau County under the exclusive care and custody of the United States Postal Service.

Kenneth S. Pelsinger P.C